IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MYKAEL THOMAS PIERCE,<br><br>      Defendant. | 4:16-CR-3014<br><br>TENTATIVE FINDINGS |

   The Court has received the revised presentence investigation report in this case. The defendant objects to the presentence report (filing 50) and has filed a motion for downward departure (filing 52).

   IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has moved for a downward departure pursuant to U.S.S.G. § 5H1.3 based on mental and emotional conditions. Filing 52. A defendant's mental and emotional condition may be relevant in determining whether a departure from the guidelines range is warranted. *United States v. Farmer*, 647 F.3d 1175, 1179 n.3 (8th Cir. 2011). The defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). The Court will resolve this motion at sentencing.

3.    The defendant objects to the presentence report, arguing that the two-level enhancement to the offense conduct required by U.S.S.G. § 2D1.1(b)(1) should not be applied to his case. Filing 50.[1] Specifically, he argues that there is no evidence to connect the weapon at issue (which he characterizes as a "toy gun") with any drug crime or conspiracy.

    Under § 2D1.1(b)(1), a defendant's offense level increases by two levels "[i]f a dangerous weapon (including a firearm) was possessed." A weapon is "dangerous" for purposes of the enhancement if it is "an object that is not an instrument capable of inflicting death or serious bodily injury but . . . closely resembles such an instrument." *See* § 1B1.1 cmt. n.1(D). The increase applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1), cmt. n.11(A).

    When the defendant objects, it is the government's burden to prove the applicability of an enhancement by a preponderance of the evidence. *See, United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012); *United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012); *United States v. Myers*, 481 F.3d 1107, 1109-10 (8th Cir. 2007).

    The Court will resolve this issue at sentencing.

---

[1] The defendant formally objects to the application of U.S.S.G. § 2D1.1(b)(2), which applies if the defendant "used violence, made a credible threat to use violence, or directed the use of violence." *See* filing 50 at 2. However, the presentence report recommends the application of subpart (b)(1), not (b)(2). The Court nevertheless interprets the objection as applying to subpart (b)(1), which expressly covers the substance of the defendant's argument.

4.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of December, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge